Mark A. ALLEN, Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY, et al., Defendants.

Civ. A. No. 78–1743.

United States District Court,
District of Columbia.

June 16, 1981.

James H. Lesar, Washington, D. C., for plaintiff.

Dennis Dutterer, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

This is an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976), in which plaintiff seeks a fifteen-page document pertinent to the assassination of President Kennedy. It is before the Court on remand from the Court of Appeals, which instructed this Court to review the material *in camera* in order to determine if it is exempt. *Allen v. CIA,* 636 F.2d 1287 (D.C.Cir.1980). Two general issues are now presented: first, whether plaintiff is entitled to discovery of certain documents, and second, whether the document is exempt from disclosure pursuant to Exemptions (b)(1) and (b)(3) of FOIA. Defendants have moved for summary judgment, and plaintiff has opposed that motion.

Defendants submitted a classified affidavit by a Mr. Gerald Liebenau to accompany the document in dispute and explain the need for protection. Attached to that affidavit are certain exhibits which contain information now in the public domain. Plaintiff moved to compel release of these exhibits, and in response defendants submitted a second classified affidavit for *in camera* inspection (the Dube affidavit). Plaintiff then moved to strike this affidavit, contending that the CIA should provide a public affidavit explaining in as much detail as possible the basis for the privilege. He argues that only if that is insufficient will *in camera* review be called for. *See Halkin v. Helms*, 598 F.2d 1, 6 (D.C.Cir.1978). Defendants replied by submitting an expurgated copy of the Dube affidavit, reasserting that only an *in camera* explanation would convey the grounds for invoking the privilege against discovery. The Court agreed that a public explanation was not possible, and examined the unexpurgated Dube affidavit *in camera*. The motion to strike is therefore denied.

 As a result of that examination, the Court further finds that defendants should not be compelled to produce the attachments to the Liebenau affidavit. In discovery disputes concerning material of this nature, the substantive standard of review is narrow: courts should accord the utmost deference to executive assertions of state secrets, and must only satisfy themselves that there exists a reasonable danger that compulsion of the evidence will disclose matters which, in the interest of national security, should not be divulged. *Halkin*, 598 F.2d at 9. Even where a great deal of information pertinent to the information sought to be withheld has already been made public, the Court must carefully determine whether the disclosure would go beyond the information already known. *See id.* at 9–11. Having examined the attachments and defendants' reason for not releasing them, the Court has no doubt that disclosure would be likely to endanger certain national security interests. The motion to compel is thus also denied.

 Regarding the issue of whether the document is exempt, defendants continue to invoke Exemptions (b)(1) and (b)(3). Exemption (b)(1) protects from disclosure properly classified national security and foreign policy material. Three issues are presented regarding this exemption, the first of which is whether the proper procedures were followed in classifying the documents. As the Court of Appeals explicitly stated, "[t]rial courts in reviewing *de novo* the classification of documents, should refer to the Executive Order in effect at the time of the latest classification determination." *Allen v. CIA*, at 1292 n.25; *see also Lesar v. United States Department of Justice*, 636 F.2d 472, 480 (D.C.Cir.1980). The most recent classification determination took place in February of this year, at which time the applicable Executive Order was No. 12065, 3 C.F.R. 190 (1978 Compilation) (1979). The February classification meets the requirements of the Executive Order, and in particular those of Section 1–501. Whether it was properly classified procedurally prior to February is a matter disputed by the parties. However, since the document is presently in compliance with the Order, its status prior to the latest classification review is not relevant.

Furthermore, even if the procedural requirements had not been met in every detail, disclosure would still not be appropriate because the document is so clearly within the substantive requirements for classification. *See Lesar*, 636 F.2d at 483–85. The applicable standard set forth in the Executive Order is that information should not be disclosed if it "reasonably could be expected to cause at least identifiable damage to the national security." § 1–302. The *in camera* examination of the document, affidavit, and exhibits clearly demonstrated that disclosure would lead to the identification of intelligence sources and methods not now known. This is so notwithstanding the fact that much of the information in the document is public knowledge. The purely factual deleted material which does not directly implicate intelligence sources and methods is not reasonably segregable. Its disclo-

sure would work the same damage as would release of material directly relating to the sources and methods.

The last issue regarding Exemption 1 is whether defendant should have conducted a balancing test pursuant to Section 3–303 of the Executive Order to determine if the public interest in disclosure outweighed the need to protect the information. Plaintiff contends that since this is a situation where nondisclosure might deprive the public of information indispensable to public decisions on issues of critical importance, defendants should have conducted the test. Specifically, plaintiff states that the manner in which government agencies conducted the Kennedy assassination investigation is an issue of critical importance, especially in view of the allegations of conspiracy, and that this document is indispensable to a decision on that issue. The Court's inspection of the document revealed that the information sought to be protected is only peripherally related to what plaintiff has labeled a critical issue. It is not indispensable in any sense, and consequently no balancing of interests was appropriate. Defendants' claim of exemption under (b)(1) is therefore valid in all respects, and must be upheld.

The same is true for defendants' claims under Exemption (b)(3), which exempts from disclosure material protected by other statutes. The statutory sections relevant here are 50 U.S.C. §§ 403(d)(3) and 403g. Section 403(d)(3) requires defendants to protect "intelligence sources and methods from unauthorized disclosure." Section 403g provides that in order to implement Section 403(d)(3), defendants need not disclose the "organizations, functions, names, official titles, salaries, or numbers of personnel employed by the Agency." The *in camera* examination established that the material at issue here must be withheld to protect intelligence sources and methods. Other portions of the document within the ambit of Section 403g must also be withheld to protect that information. Defendants' claim under Exemption (b)(3) is therefore also sustained.

Accordingly, defendants' motion for summary judgment is granted.